42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernestine JACKSON, Plaintiff-Appellant,
v.
Sheldon GARDNER, Defendant-Appellee.
 No. 93-3539.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1994.*
Decided Dec. 7, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Sheldon Gardner, a judge of the Circuit Court of Cook County, Illinois, presided in the divorce action between Ernestine Jackson and her former husband. Dissatisfied with the outcome of that action (particularly the property settlement, which she deems unjust), Jackson has sued the judge under 42 U.S.C. Sec. 1983, seeking $10 million in damages. The district court dismissed the action on the pleadings.
 
 
 2
 The court gave two grounds: lack of jurisdiction and judicial immunity. The immunity point is straightforward. Judge Gardner acted exclusively in a judicial capacity, within his jurisdiction, and so is not amenable to damages. Stump v. Sparkman, 435 U.S. 349 (1978). Jackson asserts that Judge Gardner acted maliciously, and in cahoots with her former husband, but an immunity pierced by allegations that are so easily made would not be worth much. Many cases hold that the motives of judges who act within their jurisdiction do not open a pathway to liability--which is why judicial immunity is called an "absolute" immunity. See Stump, 435 U.S. at 356-57.
 
 
 3
 But the district judge did not stop here; indeed, the district judge did not start here. The judge concluded that the suit does not even come within the jurisdiction of the federal courts, because of the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Alpern v. Lieb, No. 92-2035 (7th Cir. Oct. 28, 1994); GASH Associates v. Village of Rosemont, 995 F.2d 726 (7th Cir.1993). Only a higher tribunal within the state judiciary (or the Supreme Court of the United States) may review the decision of a state court; an aggrieved litigant may not use Sec. 1983 to wage a collateral attack on the state court's decision. The district judge thought that this barred Jackson's suit against Judge Gardner. If so, the suit fails for want of jurisdiction.
 
 
 4
 We do not understand Jackson to be waging a forbidden collateral attack. She does not seek to upset the divorce or the property division. She "merely" wants $10 million from the judge. If, as the district judge believed, the Rooker-Feldman doctrine precludes litigation seeking damages from the judge, one wonders why there is a doctrine of judicial immunity. For if the suit contests actions within the court's jurisdiction, the Rooker-Feldman doctrine would close the federal courthouse door; and if the suit contests judicial action outside the court's jurisdiction, absolute judicial immunity would not apply (although the judge might still receive qualified immunity). Forrester v. White, 484 U.S. 219 (1988). Thus the very existence of a doctrine of absolute judicial immunity fortifies our reading of the Rooker-Feldman doctrine.
 
 
 5
 The district court's opinion says that the federal courts lack jurisdiction. As it turns out, however, the court's disposition conflicts with its opinion. The district court's minute order, which in the absence of a proper Rule 58 judgment is an appealable final decision, Otis v. Chicago, 29 F.3d 1159 (7th Cir.1994) (en banc), reads: "Defendant's motion to dismiss the complaint with prejudice is granted." That is a decision on the merits. Because the decision is correct, even though inconsistent with the court's opinion, it is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant filed such a statement. After considering that statement, the briefs, and the record, we conclude that oral argument is unnecessary